## (September 24, 1971)

■ In the Matter of ROBERT G. LUDLOW, Petitioner, v. VINCENT L. TOFANY, as Commissioner of Motor Vehicles, Respondent.— Determination unanimously confirmed, without costs. Memorandum: Petitioner drove his automobile into the rear end of a vehicle ahead of him at 12:35 A.M. on March 22, 1968 and was arrested for driving while intoxicated and taken to the police station. There, on two or more occasions, he refused the police officer's request that he take a test to determine the alcoholic content of his blood; but at 2:40 A.M. he did consent to take the test. The officer then refused to administer the test for the reason that it could not be completed within the two-hour statutory period. After a hearing, the respondent Commissioner revoked petitioner's driver's license on July 26, 1968. By show cause order of October 1, 1968 the revocation order was stayed pending court review, and petitioner has had the use of his license since that time. The application to review the revocation order was transferred to this court by order dated November 26, 1968. No action was thereafter taken in this matter until March, 1971 when the Attorney-General moved to dismiss the proceeding for failure to prosecute, but this court was not advised that the revocation had been stayed. A conditional order of dismissal was then granted, with which petitioner complied. The record supports the Commissioner's determination and it should be confirmed. It is understandable that petitioner, who has had the revocation order stayed and hence has continued to enjoy the use of his license, would not hasten to review the revocation; but it is not understandable why the Commissioner of Motor Vehicles and the office of the Attorney-General have not acted with more expedition. If a driver is of such character as to justify revocation of his license, he should not be given the privilege of using it indefinitely by permitting a review proceeding to lie dormant for years. We have previously called attention to this situation (Matter of Hewitt v. Tofany, 31 A D 2d 1003). In the cited case we recommended that an order staying revocation of a driver's license should specify a limited period for the operation of the stay, after which, if the proceeding has not been brought on for determination or the stay extended by a Justice of this court, immediate steps should be taken to cause the surrender of the license. We urgently request that all counsel and Trial Justices involved in the making of such orders act in accordance with this recommendation. (See 22 NYCRR 1039.5.) (Review of determination suspending petitioner's driver's license, transferred by Erie Special Term.) Present — Goldman, P. J., Del Vecchio, Witmer, Gabrielli and Cardamone, JJ.